UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00664-FDW-DCK

| ARTHEA HOFFMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| FAMILY DOLLAR STORES, INC., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Family Dollar Stores, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. No. 18) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendant contends the Court should dismiss Plaintiff's claim for relief of discrimination based on race, sex, or any category protected by Title VII for lack of subject matter jurisdiction. Further, Defendant contends the Court should dismiss Plaintiff's claim for relief of age discrimination under Age Discrimination in Employment Act ("ADEA"), and disability discrimination and retaliation in violation of the Equal Pay Act ("EPA"), Americans with Disabilities Act ("ADA"), and Genetic Information Nondiscrimination Act ("GINA") for failure to state a claim. For the reasons stated below, Defendant's Motion is **GRANTED IN PART** as to the Title VII, EPA, ADEA, and GINA claims, but **DENIED IN PART** as to Plaintiff's claim against Defendant for violation of the ADA.

## I. BACKGROUND

On January 14, 2014, pro se Plaintiff, Arthea Hoffman, filed Charge No. 430-2014-00566

1

with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation based on disability, age, and genetic information. (Doc. No. 8). On August 28, 2014, the EEOC issued Plaintiff a "Right to Sue" letter, notifying him of his statutory right to file suit based on his EEOC charge under federal law within ninety (90) days of receipt of the "Right to Sue" letter. (Doc. No. 8).

Plaintiff originally filed this action with the Superior Court Division, County of Mecklenburg, North Carolina, on October 29, 2014. (Doc. No. 1). On December 1, 2014 Defendant filed a Notice of Removal with this Court. (Doc. No. 1). Plaintiff filed an addendum to his Complaint on December 23, 2014, and filed an amended Complaint on February 24, 2015 (collectively "Complaint" [1]) alleging claims for relief of the following: unlawful retaliation in violation of EPA, disclosure of confidential medical information in violation of ADA and GINA, and discrimination based on sexual preference. (Doc. No. 8, 21).

Plaintiff is a 53 year-old male employee of Defendant. (Doc. No. 8, 21). Plaintiff states that over the course of his employment with Defendant his store manager, Susan Murphy, would use the terms "faggot" and "gay" when describing Plaintiff to others. (Doc. No. 21). On October 6, 2013, Plaintiff reported this behavior to Defendant's Human Resources Department ("HR"). (Doc. No. 21). Plaintiff states that as a result of filing a complaint with HR, Ms. Murphy denied him the ability to work certain overtime hours in 2013. (Doc. No. 21).

Additionally, Plaintiff asserts that while employed with Defendant, Ms. Murphy disclosed confidential information regarding Plaintiff's medical condition to Defendant's employees and customers. (Doc. No. 21). Over the course of employment with Defendant, Plaintiff states he

---

[1] The Court construed all documents Plaintiff filed as the Amended Complaint.

suffered from gastroenteritis and acute kidney failure as a result of having Human Immunodeficiency Virus ("HIV"). (Doc. No. 21). Plaintiff states this medical information was conveyed to the Ms. Murphy and ultimately Defendant, when August in 2013 Plaintiff gave a doctor's note to both Ms. Murphy and his District Manager excusing him from missing work. (Doc. No. 8, 21). Further, information regarding his health conditions were enclosed in a folder at Defendant's store, to which Plaintiff states Ms. Murphy had access. (Doc. No. 21). Defendant argues that the facts alleged by Plaintiff fail to state a claim and moves the court to dismiss the complaint entirely. (Doc. No. 18).

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a lawsuit. Subject matter jurisdiction exists in federal district court when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of such jurisdiction may be raised at any time by a litigant or the court. Mansfield, C. & L. M. RY. CO. v. Swan, 111 U.S. 379, 382 (1884). In an employment discrimination context, a federal district court has subject matter jurisdiction concerning Title VII claims, and claims for employment discrimination and/or retaliation, recognized by the EEOC. See 42 U.S.C. § 2000e-5(f)(3). However, for the court to have subject matter jurisdiction, the plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. Kobraei v. Alexander, 521 F. App'x 118 (4th Cir. 2013) (citing Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir.2009)). A failure to exhaust his administrative remedies, deprives the court of subject matter jurisdiction, resulting in automatic and outright dismissal. Jones, 551

F.3d at 301.

**B. Failure to State a Claim**

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Additionally, when deciding a 12(b)(6) motion, the court must accept the facts in the complaint as true, viewing "the facts in the light most favorable to the plaintiff, but not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Jordan v. Alternative Res. Corp., 458 F.3d 322, 338 (4th Cir. 2006) (internal citations, alterations, and quotations omitted). Although "detailed factual allegations are not required, a complaint must assert factual allegations which raise a right to relief above the speculative level." Finley v. SageNet L.L.C., No. 3:09-CV-123-FDW, 2009 WL 1850958, at *1 (W.D.N.C. June 29, 2009) (citing Bell Atl. Corp. 550 U.S. at 555) (internal quotations omitted).

The Fourth Circuit has directed courts to hold a pro se plaintiff's complaint to a less stringent standard; district courts may construe such complaints liberally. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has recognized that ambiguous statements in a pro se complaint may represent the heart of the plaintiff's concern. Id. The court, however, is still not bound by a pro se plaintiff's legal conclusions, or be "expected to construct full blown claims from sentence fragments." Id.

4

## III.     ANALYSIS

Because it is not clear from Plaintiff's Complaint exactly which aspects of the EEOC claim are being pled, the Court will, in the light most favorable to Plaintiff, address only the issues this litigation gave it reason to consider.

### A. Title VII Claim

Title VII prohibits an employer from taking adverse employment action against an employee because of the individual's race, color, religion, sex, or national origin. See 42 U.S.C. §2000e-2(a)(1). Plaintiff first filed a charge with the EEOC for discrimination and retaliation based on age, disability, and genetic information. (Doc. No. 8). Although the EEOC provided Plaintiff with a letter notifying him of his right to sue, such a lawsuit is limited to the charges filed with the EEOC. Plaintiff did not check the boxes on the EEOC charge for discrimination based on race, color, sex, religion, or national origin, all of which are considered under a Title VII claim. Thus, Plaintiff has not exhausted his administrative remedies in regards to a Title VII claim for discrimination based on race, color, sex, religion, or national origin. To the extent that Plaintiff's complaint alleges discrimination based on sexual preference, such discrimination is not protected by Title VII. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 754, 751 (4th Cir. 1996). Because Plaintiff has not exhausted his administrative remedies by filing a Title VII claim with the EEOC, and because discrimination based on sexual preference is not protected under Title VII, this Court does not have subject matter jurisdiction over any alleged Title VII claim in Plaintiff's complaint.

Furthermore, the Fourth Circuit has held that "in considering the exhaustion of administrative remedies, allegations in the EEOC charge determine the scope of a plaintiff's right

to file a federal lawsuit." Tonkin v. Shadow Mgmt., Inc., No. 3:12-CV-00198-JFA, 2014 WL 4063626, at *4 (D.S.C. Aug. 14, 2014) (citing Jones, 551 F.3d at 300). The Fourth Circuit has considered "whether a plaintiff asserting a Title VII claim of retaliation for filing a previous EEOC charge must exhaust administrative remedies before suing in federal court," or if a plaintiff may raise a Title VII claim in federal court for the first time. Jones, 551 F.3d at 301-02 (citing Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992)). In Jones, the Fourth Circuit held that once a Title VII lawsuit is brought in federal court, the lawsuit extends to "any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations." Id. at 302. The "like or related charge" does not require a separate EEOC charge. Id.

Here, the Court considered all facts presented in Plaintiff's complaint and does not find any subsequent Title VII allegations arising from or after Plaintiff's original EEOC charge was filed. Thus, because Plaintiff has not exhausted his administrative remedies with the EEOC for a Title VII claim, and his complaint does not allege additional facts to show subsequent discrimination or retaliation occurred based on Plaintiff's race, color, sex, religion, or national origin after the initial EEOC charge was filed, the Court does not have subject matter jurisdiction over such claims and Defendant's motion to dismiss Plaintiff's Title VII claim is **GRANTED**.

**B. EPA Claim**

The EPA prohibits an employer from discriminating between employees on the basis of sex in establishing a rate of pay for equal jobs that require equal "skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. §206 (d)(1). Plaintiff asserts in his complaint that Ms. Murphy denied him the opportunity to work overtime in 2013 in violation of the EPA. (Do. No. 21). Plaintiff ambiguously asserts that other employees were given

6

shifts that allowed for overtime, while Plaintiff was only granted overtime in certain situations. (Doc. No, 21). However, the record does not contain any documents purporting to show that Plaintiff's wage rate differed from another equally skilled employee on the basis of sex. Plaintiff's allegation that "[Ms. Murphy] denied me the opportunity to work overtime in violation of the EPA" is a mere legal conclusion, and without additional facts, does not give rise to an EPA claim above a speculative level. Thus Defendant's motion to dismiss an alleged EPA claim is **GRANTED**.

However, in construing Plaintiff's Complaint liberally for any alleged claims, the Seventh Circuit has reasoned that "[d]isparate allocation of overtime may be brought as a claim under Title VII . . . where overtime is a significant and recurring part of the employee's total earnings or would allow the employee to move forward in his or her career." Eskridge v. Chicago Bd. of Educ., No. 11 C 7308, 2014 WL 2726625, at *4 (N.D. Ill. June 16, 2014) (citing Lewis v. Chic., 496 F.3d 645, 653-54 (7th Cir. 2007)). The Fourth Circuit has not decided whether disparate allocation of overtime may be brought as a claim under Title VII. As to Plaintiff's claim that the other employees who were granted more favorable overtime shifts violated his statutory rights, Plaintiff fails to provide any evidence that the overtime hours were discriminatorily allocated based on race, color, sex, religion, or national origin. Additionally, Plaintiff acknowledges that he was granted overtime in specific instances. Therefore, Defendant's motion to dismiss for failure to state a claim is **GRANTED** to the extent Plaintiff alleges a claim that the denial for specific overtime violated the EPA or Title VII.

**C. ADEA Claim**

The ADEA prohibits an employer from failing or refusing to hire, discharging, or otherwise

discriminating against an individual with respect to compensation, terms, condition or privileges of employment because of the employee's age. 29 U.S.C. §623(a)(1). Plaintiff alleges in his EEOC charge that Ms. Murphy made comments regarding his age, and "remind[ed] me that I am older than her." (Doc. No. 8). Plaintiff alleges this conduct violates the ADEA.

To establish a prima facie case of disparate treatment under any federal anti-discrimination statute enforced by the EEOC, including the ADEA, a plaintiff must allege facts showing: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (aff'd sub nom. Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012)). Plaintiff, age 53, fails to provide sufficient facts to establish a plausible inference that he was treated differently from similarly-situated employees under the age of 40. In fact, Plaintiff provides no facts to support the second, third, or fourth elements listed above a level of speculation. Thus, to the extent Plaintiff's Complaint alleges an ADEA claim for disparate treatment, Defendant's motion to dismiss is **GRANTED** for failure to state a claim upon which relief can be granted.

Further, to establish a prima facie case for retaliation, a plaintiff must show that: (1) he is engaged in protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action. Id. Even construing Plaintiff's Complaint in the light most favorable to him, the Court is left to widely speculate at any claim for retaliation based on age. Plaintiff does not allege any facts that allow the Court to draw a reasonable inference that Defendant is liable for age retaliation misconduct. Thus, to the extent Plaintiff's Complaint alleges a claim for retaliation in violation of

ADEA, Defendant's motion to dismiss for failure to state a claim is **GRANTED**.

**D. GINA Claim**

Under GINA, it is unlawful for an employer to disclose an employee's genetic information to others except in limited circumstances. 42 U.S.C. §2000ff-5(b). Genetic information as defined by the statute includes "(i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff(4)(A). Genetic tests are further defined as "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." 42 U.S.C. § 2000ff(7)(A). The regulations promulgated pursuant to GINA state that "[a] covered entity shall not be considered to be in violation of this part based on the [] disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member, even if the disease, disorder, or pathological condition has or may have a genetic basis or component." 29 CFR §1635.12.

The medical information Plaintiff claims Defendant and Ms. Murphy were aware and allegedly disclosed to other employees and customers includes a diagnosis of HIV, kidney failure, and viral gastroenteritis. Neither Plaintiff's HIV diagnosis, kidney failure, nor viral gastroenteritis, constitute genetic information about a manifested disease or disorder. Specifically, the EEOC stated that an HIV test is not an example of a genetic test. See Background Information for EEOC Final Rule on Title II of the Genetic Information Nondiscrimination Act of 2008, available at http://www.eeoc.gov/laws/regulations/gina-background.cfm. Although the EEOC guidelines are not binding on this Court, they "do constitute a body of experience and judgment to which courts and litigants may properly resort for guidance." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57,

65 (1986) (internal citations omitted). Thus, given that an HIV test is not a genetic test, any information Plaintiff alleges Defendant disclosed about his HIV diagnosis or test contained in Plaintiff's folder is not considered genetic information protected by GINA. Therefore, the information Plaintiff alleges was disclosed by Defendant does not constitute genetic information as defined by the statute, and thus Plaintiff fails to state a claim alleging a violation of GINA. For those reasons Defendant's motion to dismiss for failure to state a GINA claim is **GRANTED**.

**E. ADA Claim**

The ADA prohibits disclosing confidential medical information obtained through an entrance exam, or other inquiry which "is shown to be job-related and consistent with business necessity." 42 U.S.C. §12112(d)(3), (4); see also Heston v. Underwriters Labs., Inc., 297 F.Supp.2d 840, 845 (M.D.N.C. 2003) (stating that the duty of confidentiality is trigged when employers gather information pursuant to §12112(d)). Courts have found that the confidentiality requirement does not apply to voluntary disclosures by an employee; however, when the disclosure is in response to an employer's inquiry, the information is considered confidential. E.E.O.C. v. Thrivent Fin. for Lutherans, 795 F. Supp. 2d 840, 845 (E.D. Wis. 2011) aff'd, 700 F.3d 1044 (7th Cir. 2012). Courts have found that "an employee's disclosure is voluntary if the disclosure is not preceded by any request or demand for medical information by the employer." Id. This interpretation is supported by case law where a "plaintiff's employer required him to submit a doctor's note... providing the specific nature of [his] illness or injury that prevented [him] from reporting to work." Id. (citing Fisher v. Harvey, No. 1:05-CV-102, 2006 WL 2370207, at *5). The court in Harvey found that the employer made a medical inquiry by requiring a detailed doctor statements. Id.

Read liberally, Plaintiff's allegations that he informed Defendant about his illness, provided a doctor's note for missing work, and that Defendant disclosed this information to others, allows the Court to draw a reasonable inference that Defendant may be liable for misconduct in violation of ADA. At this state of litigation, it is improper for the Court to rule on the merits of the ADA claim. However, the facts provided in Plaintiff's Complaint, when construed liberally in the light most favorable to Plaintiff, nudge Plaintiff's claim of an ADA violation from conceivable to plausible, and thus Defendant's motion to dismiss for failure to state an ADA claim is **DENIED**.

## IV. CONCLUSION

In conclusion, Plaintiff's failure to file an EEOC charge for a Title VII claim of discrimination or retaliation for race, color, sex, religion, or national origin, and failure to state any facts that indicate a potential claim arose after Plaintiff's initial EEOC filing, results in a failure to exhaust his administrative remedies in regards to a Title VII claim, and thus the Court does not have subject matter jurisdiction over an alleged claim. Therefore, Defendant's motion to dismiss any alleged Title VII claim for lack of subject matter jurisdiction is **GRANTED**. Furthermore, even in viewing Plaintiff's Complaint liberally and in the light most favorable to Plaintiff, the Court finds there are no facts to support a claim for discrimination or retaliation regarding any alleged EPA, ADEA, and GINA claim. Therefore, Defendant's motion to dismiss for failure to state a claim for any alleged EPA, ADEA, and GINA claim is **GRANTED**. Lastly, the Court finds that, in viewing Plaintiff's complaint liberally, Plaintiff has alleged sufficient facts supporting a potential violation of the ADA and therefore survives Defendant's 12(b)(6) motion. Thus, that portion of Defendant's motion is **DENIED**.

The Clerk's Office is respectfully directed to mail a copy of this order to Mr. Arthea

Hoffman at 5851 Reddman Road, Apt. 13, Charlotte, NC 28212.

**IT IS SO ORDERED.**

Signed: March 26, 2015

Frank D. Whitney
Chief United States District Judge